**In re EARTH SERVICES, INC., Debtor.**

**EARTH SERVICES, INC., Plaintiff,**

v.

**David P. deRHAM, Defendant.**

**Bankruptcy No. 81–00162.
Adv. No. 82–0106.**

United States Bankruptcy Court,
D. Vermont.

Oct. 29, 1982.

Alan R. Medor, and Alan P. Biederman, Rutland, Vt., for plaintiff.

Charles C. Chamberlain, Rochester, N.Y., for defendant.

## MEMORANDUM

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of the Debtor to avoid a preferential transfer came on for hearing, after the issuance of a Summons and Notice of Trial and the filing of an Answer by the Defendant.

The Plaintiff as a debtor-in-possession filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on August 6, 1981 and within 90 days prior thereto, to-wit, on June 22, 1981 the Defendant obtained a lien on the real estate of the Plaintiff by virtue of a Writ of Attachment and an Order of Approval by the Rutland Superior Court in a civil action entitled "David P. deRham v. Earth Services, Inc., et al," which Writ of Attachment was filed for record in the offices of the Town Clerks of the Towns of Pawlet and Manchester, Vermont. The action in which this Writ of Attachment was obtained was brought to recover on a promissory note dated July 12, 1978 executed and delivered by the Plaintiff to the Defendant. The Plaintiff seeks to avoid the lien obtained by attachment under § 547(b) of the Bankruptcy Code which provides that a trustee may avoid any transfer of property of the debtor—

"(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer;"

At the hearing on the Plaintiff's Complaint the Defendant improved as a witness the Defendant, David deRham, who testified that from an unaudited statement of the Debtor dated September 2, 1980 it appeared that the Debtor had a very small net equity in its assets. None of his testimony bore directly on the issue of insolvency. As defined in § 101(26) of the Bankruptcy Code "insolvent" means financial condition such that the sum of an entity's debts is greater than all of such entity's property, at a fair valuation.

The Defendant conceded that the Plaintiff had established all of the elements of a preference with the exception of the one numbered "(3)" under § 547(b) which requires the transfer to be made while the debtor was insolvent if it is to be avoided.

As to insolvency, under § 547(f) the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition. The presumption merely requires the party against whom it is directed to come forward with some evidence to rebut the presumption, but the burden of proof remains on the party in whose favor the presumption exists. See Legislative History, House Report No. 95–595, Cong. 1st Session (1977) Page 179; Senate Report No. 95–589, 95th Cong.2d Sess. 89 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

In the instant case the Defendant has failed to introduce any testimony bearing on insolvency as defined in the Bankruptcy Code which would require the Plaintiff to come forward with rebutting evidence. In addition, the Defendant requested the Court to take judicial notice of Exhibits D–1 and D–2 attached to the Answers of the Debtor to the Requests of the Defendant for Disclosure filed July 22, 1982. These Exhibits show that as of June 30, 1981 the total assets of the Debtor were valued at $258,470.00 and the total liabilities amounted to $384,982.00. Since the liabilities exceed the value of the assets by $126,512.00, it appears that the Debtor was in fact insolvent on June 30, 1981 and presumably the same situation existed on June 22, 1981, only eight days prior to the date of the statement showing the financial condition of the Debtor. Such being the case, the Debtor as Plaintiff, who was entitled to exercise the same rights as a trustee according to § 1107 of the Bankruptcy Code has established all of the elements of a preference obtained by the Defendant under the attachment lien against the real estate of the Plaintiff on June 22, 1981 and, therefore, is entitled to have the lien voided. Judgment is being entered in accordance with this Memorandum.